**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 2:06-cr-0084-VPM |
| ) | |
| **DOROTHY J. SPALDING** ) | |

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

COMES NOW Dorothy J. Spalding, the Defendant herein, by and through her undersigned counsel, and respectfully requests that the following jury instructions be given to the jury in the above-listed case.

Defendant further reserves the right to amend this Requested Jury Charge to include charges relative to the law as it relates to the facts as presented during the course of the trial.

Respectfully submitted this 10th day of July, 2006.

s/John M. Poti
JOHN M. POTI (POT013)
Attorney for Dorothy J. Spalding
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com

REQUESTED INSTRUCTION NO. 1

DUTY TO FOLLOW INSTRUCTIONS
PRESUMPTION OF INNOCENCE

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The complaint or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

PATTERN JURY INSTRUCTIONS, Basic Instruction 2.1 Modified

REQUESTED INSTRUCTION NO. 2

DUTY TO FOLLOW INSTRUCTIONS
PRESUMPTION OF INNOCENCE
(WHEN ANY DEFENDANT DOES NOT TESTIFY)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The complaint or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require the Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving that a Defendant is guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

PATTERN JURY INSTRUCTIONS, Basic Instruction 2.2 Modified

## REQUESTED INSTRUCTION NO. 3

### DEFINITION OF REASONABLE DOUBT

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proven guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

PATTERN JURY INSTRUCTIONS, Basic Instruction 3

REQUESTED INSTRUCTION NO. 4

CONSIDERATION OF THE EVIDENCE
DIRECT AND CIRCUMSTANTIAL
ARGUMENT OF COUNSEL
COMMENT BY COURT

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

PATTERN JURY INSTRUCTIONS, Basic Instruction 4.2

REQUESTED INSTRUCTION NO. 5

CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true and accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making a decision you may believe or disbelieve any witness, in whole or in part. Also the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:

> Did the witness impress you as one that was telling the truth?
>
> Did the witness have any particular reason not to tell the truth?
>
> Did the witness have any personal interest in the outcome of the case?
>
> Did the witness have a good memory?
>
> Did the witness have the opportunity and the ability to observe accurately the things he or she testified about?
>
> Did the witness appear to understand the questions clearly and answer them directly?
>
> Did the witness' testimony differ from other testimony or evidence?

PATTERN JURY INSTRUCTIONS, Basic Instruction 5

### REQUESTED INSTRUCTION NO. 6

### IMPEACHMENT
### INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

PATTERN JURY INSTRUCTIONS, Basic Instruction 6.1

REQUESTED INSTRUCTION NO. 7

IMPEACHMENT
INCONSISTENT STATEMENT
(DEFENDANT TESTIFIES WITH NO FELONY CONVICTION)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

PATTERN JURY INSTRUCTIONS, Basic Instruction 6.3

## REQUESTED INSTRUCTION NO. 8

## ON OR ABOUT - - KNOWINGLY - - WILLFULLY

You will note that the complaint charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the complaint or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the complaint or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

PATTERN JURY INSTRUCTIONS, Basic Instruction 9.1 Modified

REQUESTED INSTRUCTION NO. 9

DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, in returning a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

PATTERN JURY INSTRUCTIONS, Basic Instruction 11

REQUESTED INSTRUCTION NO. 10

CHARACTER EVIDENCE

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law abiding citizen, the jury should consider that testimony, allowing for all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

PATTERN JURY INSTRUCTIONS, Special Instruction 12

<u>REQUESTED INSTRUCTION NO. 11</u>

THEFT OF GOVERNMENT MONEY OR PROPERTY
18 USC § 641

Title 18, United States Code, Section 641, makes it a Federal crime or offense for anyone to steal any money or property belonging to the United States.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the money or property described in the indictment belonged to the United States;

Second: That the Defendant stole such money or property to his own use or to the use of another;

Third: That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken; and

Fourth: That the money or property had a value less than $1,000.

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the Defendant knew that the Government owned the property at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the Government did in fact own the money or property involved, that the Defendant knowingly and willfully stole it, and that it had a value less than $1,000.

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.

PATTERN JURY INSTRUCTIONS, Offense Instruction 21 Modified

CERTIFICATE OF SERVICE

  I hereby certify that on July 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Kent Brunson, Neal Frazier</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   <u>none</u>   .

<u>s/John M. Poti</u>
JOHN M. POTI (POT013)
Attorney for Dorothy J. Spalding
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com